C. E. PATTERSON'S EXR. *v.* JAMES GORIN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—450.]

**Suit on Promissory Note.**

When it is alleged in a petition that the wife never executed the note sued upon, her estate after her death can not be subjected to pay it.

APPEAL FROM HART CIRCUIT COURT.

December 5, 1885.

OPINION BY JUDGE LEWIS:

In the original petition in this case it is stated that James Gorin and his wife, Lucy Ann Gorin, executed the note sued on to the testator, and a personal judgment was asked against each of them. Lucy Ann Gorin having died pending the action, it was issued against her children and heirs at law; and in the amended petition to which they were made parties it was stated that the money for which the note was given was borrowed by the husband, who was insolvent, as the agent of his wife, and was borrowed for the pur-

pose of procuring necessaries for herself and family, her husband included. A tract of land which she owned when alive was asked to be subjected to the payment of the note.

In the last amended petition, general demurrers having been sustained to those proceeding, it is stated that the note was given for money borrowed to pay a note which the husband and wife had previously given to one Pyne for certain necessary machinery furnished by Pyne to repair and make useful a grist mill on the land of the wife. But it is further stated in the same pleading that the note was not actually signed by the wife, Lucy Ann Gorin, but was signed by Lucy Ann Gorin, her daughter.

Whether the court below erred in sustaining the demurrer to the petition and amended petitions is not therefore necessary to decide, for the original defendant, Lucy Ann Gorin, the wife now deceased, not having signed the note, nor alleged in the amended petition to have authorized any one to sign it for her, was not bound while she lived, and consequently her estate can not now be subjected. It would therefore be improper to reverse the judgment sustaining the demurrer to the petition and amendments in which the original defendant, Lucy Ann Gorin, was alleged to have executed the note, even if the court had erred, inasmuch as the cause of action against her or her estate may be considered as practically abandoned by the filing of the last amended petition.

The only question, then, is whether Lucy Ann Gorin, the daughter, is bound by the note. It is true that she is alleged to have agreed and promised to pay the testator the amount of it. But it is manifest, taking the previous statements of the plaintiff into consideration, or even confining our attention to the statements contained in the last amendment, that she did not execute the note intending to bind herself, and that it was not accepted by the obligee, Patterson, as her note, for notwithstanding it is stated in the last amended petition that she, the daughter, and not the mother signed it, the previous allegation is reiterated that Patterson loaned the money on the credit of the wife and mother and accepted the note as hers, and not as the daughter's. It is not alleged that the daughter signed the note for a fraudulent purpose, or as the agent or by authority of the mother.

Certainly the land owned by the wife and mother at her death can not be subjected, and a personal judgment at the same time ren-

dered against the daughter, both of which are prayed for in the amended petition. Nor as the pleadings stand can appellant have a recovery in either case. He is not entitled to subject the land, because he states Lucy Ann Gorin never signed the note, nor to a claim against Lucy Ann Gorin, the daughter, because the testator, Patterson, never accepted nor agreed to accept the note from her, nor did she receive any consideration whatever from him for the note. The judgment is *affirmed*.

*Isaac T. Woodson, D. J. Wood, for appellant.*
*Julius R. Creole, for appellees.*